UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | District Court Case No. 2:11-cv-03324-MCE |
| LUXURY IMPORTS OF SACRAMENT, INC., | |
| Debtor. | Bankruptcy Court Case No. 07-24767-B-7 |
| _____ | Adversary Proceeding No. 09-02373 |
| VERA DAVYDENKO, | |
| Appellant, | Bankruptcy Appellate Panel No. 11-1674 |
| v. | MEMORANDUM AND ORDER |
| BRASHER'S SACRAMENTO AUTO AUCTION, INC. Ex. Rel. THOMAS ACEITUNO, CHAPTER 7 TRUSTEE, | |
| Appellee. | |

----oo0oo----

///

///

///

///

///

1

Appellant Vera Davydenko ("Appellant") appeals an adverse decision of the bankruptcy court that was entered on October 31, 2011.  Presently before the Court is a Motion to Dismiss that appeal as untimely and for sanctions filed by Brasher's Sacramento Auto Auction, Inc. ("Appellee").  For the following reasons, Appellee's Motion is GRANTED.[1]

## ANALYSIS

Federal Rule of Bankruptcy Procedure 8002 provides that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."  In re Mouradick, 13 F.3d 326, 327 (9th Cir. 1994).  On November 28, 2011, Appellant filed her notice of appeal from the bankruptcy court's October 31, 2011, order.  Accordingly, Appellant's appeal is untimely, and Appellee's Motion to Dismiss is GRANTED.

Appellee thus also seeks sanctions in the amount of $549 against both Appellant and her counsel pursuant to 28 U.S.C. § 1927.  Section 1927 states:

///
///

---

[1]  This Court determined oral argument will not be of material assistance and thus decides this case on the briefing. See E.D. Cal. Local Rule 230(g).

2

1       Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

By the plain language of this section, sanctions cannot be awarded against Appellant herself.

See F.T.C. v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir. 1986) ("Section 1927 does not authorize recovery from a party....").

    Sanctions are permitted against counsel, however, if they are "'supported by a finding of subjective bad faith.'" In re Keegan Management Co., Securities Litigation, 78 F.3d 431, 432 (9th Cir. 1996) (quoting New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989)). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Id. (internal citations and quotations omitted). Appellant's counsel's initial untimely filing of this appeal, while frivolous since it was clearly barred by Federal Rule of Bankruptcy Procedure 8002, was arguably not done knowingly or recklessly. However, Appellee's counsel subsequently warned Appellant's counsel in writing that the appeal was untimely and gave Appellant's counsel the opportunity to withdraw the appeal without resort to motion practice. Declaration of Mark A. Serlin, ¶ 3, Exh. C. At that point, it became a simple proposition for Appellant's counsel to confirm the appeal was untimely and to voluntarily terminate these proceedings.

3

Appellant's counsel nonetheless chose not do so.  Instead, she argues that her client refused to consent to dismissal of the appeal.  Declaration of Stephanie J. Finelli, ¶ 4-6.  Counsel, however, had an ethical duty to refuse to pursue a baseless claim.  Cal. Bus. & Prof. Code § 6068(c) ("It is the duty of an attorney to...counsel or maintain those actions, proceedings, or defenses only as appear to him or her legal or just."); California Rules of Professional Conduct, Rule 3-200(B) ("A member shall not seek, accept, or continue employment if the member knows or should know that the objective of such employment is...[t]o present a claim or defense in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of such existing law.").  In failing to dismiss this appeal, counsel wasted the time and resources of both Appellee's counsel and this Court.  Accordingly, the Court now finds sanctions are warranted.  See, e.g., Jolly Group, Ltd. v. Medline Industries, Inc., 435 F.3d 717, 720 (7th Cir. 2006) (Section 1927 imposes "a continuing duty upon attorneys to dismiss claims that are no longer viable.") (internal citations and quotations omitted); Thomas v. Standard Ins. Co., 2011 WL 6112296, *4 (D. Nev.) (recognizing in case of counsel's failure to dismiss baseless claim that an attorney's duty to the administration of justice overrides a conflicting duty to a client).

///
///
///
///

In addition, the Court holds that the requested $549, which represents 1.8 hours of attorney time, is reasonable given Appellee's counsel's need to file both the initial Motion and a Reply.  Accordingly, Appellee's request for sanctions is hereby GRANTED in its entirety.

**CONCLUSION**

For the reasons just stated, Appellee's Motion to Dismiss and request for sanctions (ECF No. 4) is GRANTED.  Not later than thirty (30) days following the date this Memorandum and Order is electronically filed, Appellant's counsel is directed, pursuant to 28 U.S.C. § 1927, to pay to Appellee $549 in attorneys' fees.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: May 7, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5